**City of Philadelphia v. Nugent Brothers, Inc.**

*John B. Day,* for plaintiff.
*Barry M. Klayman,* for defendant American Employer's Insurance Company.

PRATTIS, *J.,* June 19, 1986—

## FINDINGS OF FACT

1. Plaintiff Ambassador Construction Company, Inc., is a Pennsylvania corporation engaged in the business of furnishing labor, materials and equipment necessary for the leveling and grading of sites after demolition, and of providing cement and other materials, labor and equipment necessary for the

completion of the trimming of walls of homes previously demolished; capping walls and chimneys, sealing joist holes in walls and patching sidewalks.

2. Defendant Nugent Brothers, Inc., is a Pennsylvania corporation engaged in the demolition and site restoration business.

3. Defendant American Employers' Insurance Company is a corporation engaged in the insurance business, which includes the furnishing of surety bonds, with a place of business in Pennsylvania.

4. Additional defendant City of Philadelphia is a municipal corporation, a legal entity duly authorized by and organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania.

5. In 1977, additional defendant City of Philadelphia solicited bids from several demolition companies to perform demolition work on certain sites located in Philadelphia. The city required that all bids submitted must include verification of performance and payment bonds.

6. Defendant Nugent Brothers, Inc., submitted its bid with the requisite proof of said bonds, which had been issued by the surety, defendant American Employers' Insurance Co.

7. Additional defendant City of Philadelphia accepted the bid of defendant Nugent Brothers, Inc., agreeing to pay defendant Nugent Brothers, Inc., $91,996 for the demolition work.

8. To assist in the completion of the demolition work, defendant Nugent Brothers entered into a written contract with plaintiff Ambassador Construction Co. wherein said plaintiff agreed to supply labor, equipment, supplies and public utility services in exchange for an agreed-upon price.

9. Plaintiff Ambassador Construction Co. performed the aforementioned services from June 19, 1978, to September 14, 1978.

10. On June 8, 1978, additional defendant City of Philadelphia, declared defendant Nugent Brothers, Inc., to be in default of its contractual obligations, having failed to complete the demolition work in a timely and progressive manner. Thus, additional defendant City of Philadelphia refused to pay defendant Nugent Brothers, Inc.

11. Plaintiff Ambassador Construction Co. satisfactorily completed the demolition work.

12. Plaintiff Ambassador Construction Co. made demand upon defendants Nugent Brothers, Inc., and American Employers' Insurance Co. for payment pursuant to its contract with defendant Nugent Brothers, Inc.; however, defendants refused to make such payment.

13. Plaintiff Ambassador Construction Co. instituted suit against defendants to recover payment for the work it performed as subcontractor in connection with the demolition contracts between additional defendant City of Philadelphia and defendant Nugent Brothers, Inc.

14. Defendant American Employers' Insurance Co. filed an answer to said plaintiff's complaint with new matter and a cross-claim against defendant Nugent Brothers, Inc. In addition, it joined City of Philadelphia as an additional defendant.

15. Through negotiations, plaintiff Ambassador Construction Company and defendant American Employers' Insurance Co. entered into a settlement agreement wherein defendant American Employer's Insurance Co. paid said plaintiff $27,000 in satisfaction of said plaintiff's claim for payment under the payment and performance bonds issued by said defendant in connection with the demolition contracts between additional [defendant] City of Philadelphia and defendant Nugent Brothers, Inc. Plaintiff Ambassador Construction Co. expressly

assigned to defendant American Employers' Insurance Co. all of its right, title and interest in and to any claim for labor and/or materials which said plaintiff had against defendant Nugent Brothers, Inc., and anyone else.

16. Presently before this court are defendant American Employers' Insurance Co.'s actions against defendant Nugent Brothers, Inc., for indemnification and against additional defendant City of Philadelphia for subrogation with regard to an alleged right to the payment amount of $91,996 held by additional defendant City of Philadelphia.

## DISCUSSION

### American Employers' Insurance Company v. Nugent Brothers, Inc.

In this action, American Employers' Insurance Co. asserts a right of indemnification. At the hearing held in this matter on September 12, 1985, American Employers' Insurance Co. presented evidence of the bond application form signed by agents for both American Employers' Insurance Co. and Nugent Brothers, Inc. This form contained an indemnification clause wherein Nugent Brothers, Inc., agreed to indemnify American Employers' Insurance Co. In light of the fact that Nugent Brothers, Inc., failed to appear and to present evidence at the foregoing hearing, this court finds in favor of American Employers' Insurance Co. and against Nugent Brothers, Inc.

### American Employers' Insurance Co. v. City of Philadelphia

In this action, American Employers' Insurance Co. asserts a right to payment of $91,996, which represents the amount that the City of Philadelphia agreed to pay to Nugent Brothers, Inc., for

demolition work. American Employers' Insurance Co. argues that its right to said payment is based on its right of subrogation to stand in the shoes of either Ambassador Construction Co., as assignee, or Nugent Brothers, Inc., as surety. In support of its position, American Employers' Insurance Co. relies on the facts of this case: that the City of Philadelphia contracted with Nugent Brothers, Inc., to have demolition work performed at several sites in exchange for payment of $91,996; that this work was eventually completed by Ambassador Construction Co.; that the City of Philadelphia accepted said work; that Nugent Brothers, Inc., fulfilled its obligation under the demolition contracts since the work had been completed and accepted; that the City of Philadelphia has refused and continues to refuse to pay Nugent Brothers, Inc., for the completed work; and that American Employers' Insurance Co., as surety of both the performance and payment bonds, paid Ambassador Construction Co. for its services in completing the demolition work in exchange for an assignment of all of Ambassador Construction Co.'s rights to claims against anyone for its services.

The City of Philadelphia, in its defense, does not argue American Employers' Insurance Co.'s right of subrogation; instead, the City of Philadelphia defends on the ground that the money earmarked for payment on these demolition contracts, has been used to set off a tax claim that the City of Philadelphia had against Nugent Brothers, Inc. The City of Philadelphia argues that, as a matter of law, it has a right to set off any claims it might have against a contractor against the monies it owes to this contractor, and the City of Philadelphia urges this court to follow the federal and state precedents as well as the statutes, regarding this issue.

The controlling precedent in this matter is the case of U.S. v. Munsey Trust Co. of Washington, D.C., 332 U.S. 234, 67 S. Ct. 1599, 91 L.Ed. 2022 (1947). In that case, the facts were analogous to those in the present action. In addition, the U.S. Supreme Court in that case was faced with the very same issue that is now before this court: whether the government has the right to set off claims against contractor despite the claims of a surety who has paid subcontractors. The U.S. Supreme Court ruled in favor of the U.S. government. With regard to the surety's right of subrogation to the rights of the contractor, the court held that the government has the same right which belongs to every creditor, i.e., the right to apply monies owed to the debtor but still held by the creditor toward extinguishment of any debts due to the creditor from said debtor.

Applying this to the facts of the present action, the City of Philadelphia has a right of set-off which is superior to American Employers' Insurance Co.'s subrogation rights.

With regard to the surety's right of subrogation to the rights of the subcontractor, the Supreme Court in Munsey analyzed the Miller Act, 40 U.S.C.A. §270 et seq., which requires that all general contractors furnish a performance bond in order to guarantee completion of the work and a payment bond in order to guarantee payment to the subcontractors. The court found that the purpose of the Miller Act was to insure that subcontractors were paid by the general contractor or the bond surety, and not by the government, thus avoiding claims by subcontractors for payment from the government as well as mechanics' liens on government property.

Pennsylvania has a statute analogous to the Miller Act: Public Works Contractors' Bond Law, 8 P.S.

§§ 191-202. The purpose of this statute is the same as that of the Miller Act. See Commonwealth to Use Walters Tire Service, Inc. v. National Union Fire Ins. Co., 434 Pa. 235, 252 A.2d 593 (1969). Applying this to the facts of the present action, Ambassador Construction Co. had no rights, contractual or otherwise, against the City of Philadelphia and, accordingly, American Employers' Insurance Co. cannot assert any right as assignee against the City of Philadelphia.

## CONCLUSIONS OF LAW

1. This court is bound by the precedent set forth in U.S. v. Munsey Trust, 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947).

2. This precedent is in accordance with the established statutes and case law of the Commonwealth of Pennsylvania.

3. The City of Philadelphia, as a creditor, is like any other creditor: It has the right of set-off.

4. The City of Philadelphia did not have a contract with Ambassador Construction Co. to pay for its services.

5. The City of Philadelphia is not obliged to pay the contract price, in whole or in part, to American Employers' Insurance Co.